UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICKY MONTES and ANNIE MONTES,

                           Plaintiffs,

        -against-

US PRAXIS, INC. and HOME DEPOT USA, INC.,

                           Defendants.

-----------------------------------------------------------------X

***NOTICE OF REMOVAL***

Docket #

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK

        This Notice of removal on behalf of defendant US PRAXIS, INC.

respectfully shows:

        1.  An action was commenced against defendant in the Supreme Court of

the State of New York, Putnam County on May 22, 2007 which action is entitled above.

According to the Complaint, plaintiff demands judgment in amounts "exceeding the

monetary jurisdictional limits of all lower courts which would otherwise have

jurisdiction." Copies of the Summons and Complaint are attached hereto and marked as

***Exhibit "A"***.

        2.  Defendant timely interposed its answer to the Complaint.  A copy of

the Answer is annexed as ***Exhibit "B"***.

        3.  On June 20, 2007 defendant served a CPLR §3017(c) "Request for a

Supplemental Demand" requiring plaintiff to set forth the total damages to which he

deems himself entitled.  A copy of the "Request for Supplemental Demand" is annexed as ***Exhibit "C"***.

4.      On December 18, 2007, defendant received plaintiffs' Request for Supplemental Demand dated December 13, 2007.  A copy is annexed as ***Exhibit "D"***.  In the response, plaintiffs' demand judgment against the defendant in the amount of more than $15,000,00.00.

5.      The above described action is now one in which this Court has original jurisdiction under the provisions of 28 U.S.C. 1332 and is one which may be removed to this Court by petitioner pursuant to the provisions of 28 U.S.C. 1441 in that the matter in controversy exceeds the jurisdictional minimum for federal diversity actions exclusive of interest and costs.

6.      Plaintiffs were, at the time this action was commenced, and still are citizens of the State of New York and reside in Putnam County.  US PRAXIS, INC. was, at the time this action was commenced, and still is, a corporation organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

7.      Co-defendant, HOME DEPOT USA, INC., was at the time this action was commenced, and still is, a corporation organized under the law of the State of Delaware and having its principle place of business in the State of Georgia.

***WHEREFORE***, defendant requests that the action now pending against it

in the Supreme Court of the State of New York, Putnam County, be removed therefrom to

this Court.

Dated:  Mineola, New York
        December 20, 2007

                                   Yours, etc.,

                                   KRAL, CLERKIN, REDMOND, RYAN,
                                        PERRY & GIRVAN, LLP
                                   Attorneys for Defendant
                                   US PRAXIS INC., INC.
                                   Office & P.O. Address
                                   69 East Jericho Turnpike
                                   Mineola, New York 11501
                                   516-742-3470

                                 BY: _____
                                     HENRY M. PRIMAVERA (8788)
                                     A Member of the Firm

TO:  SCARCELLA LAW OFFICES
        Attorneys for Plaintiffs
        M. Sean Duffy, Esq.
        44 Church Street, Suite 150
        White Plains, New York 10601
        (914) 682-1400

        D'AMATO & LYNCH, ESQS.
        Attorneys for Defendant
        HOME DEPOT USA, INC.
        70 Pine Street
        New York, New York 10270
        (212) 269-0927

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK)
                    ss:

COUNTY OF NASSAU )

      I, the undersigned, an attorney duly admitted to practice in the Courts of the

State of New York, state:

      That I am a member of the firm of KRAL, CLERKIN, REDMOND, RYAN,

PERRY & GIRVAN, the attorneys of record for the defendant US PRAXIS, INC. in the

within action;

      I have read the foregoing NOTICE OF REMOVAL and know the contents

thereof; the same is true to my own knowledge. except as to the matters therein stated to be

alleged on information and belief, and as to those matters I believe it to be true. The reason

this verification is made by me and not by the defendant is that the answering defendant

maintains its principal place of business outside Nassau County.

      The grounds of my belief as to all matters not stated upon my own knowledge

are information, correspondence, conversations and a general investigation of the facts.

Dated:  Mineola, New York
        December 20, 2007

                              _____
                                HENRY M. PRIMAVERA

06/15/2007  09:21   8475315416                     AUTO OWNERS INS                           PAGE  03/12

Case 7:07-cv-11432-SCR     Document 1     Filed 12/20/2007     Page 6 of 32 003/011

06/12/2007 15:59 FAX                                                                        002/010
06/12/2007 14:54 FAX 8157873819              US PRAXIS,INC.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

Filed: _10/24/07_

RICKY MONTES and ANNIE MONTES,
            Plaintiffs,

INDEX NO.

            -against-

Plaintiffs designate
PUTNAM County as
the place of trial.

US PRAXIS, INC. and HOME DEPOT USA, INC.,

            Defendants.

**S U M M O N S**

The basis of venue is
Plaintiffs' residence:
106 Gleneida Avenue
Carmel, New York

**To the above named Defendants:**
    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action
and to serve a copy of your answer on the plaintiffs' attorneys within 20 days after
the service of this summons, exclusive of the day of service of this summons, or
within 30 days after service of this summons is complete if this summons is not
personally delivered to you within the State of New York.
    In case of your failure to answer this summons, a judgment by default will
be taken against you for the relief demanded in the complaint, together with the
costs of this action.

Dated:        White Plains, New York
              May 22, 2007

              SCARCELLA LAW OFFICES
              Attorneys for Plaintiffs
              M. Sean Duffy, Esq.
              44 Church Street, Suite 150
              White Plains, New York 10601
              (914) 682-1400

US PRAXIS, INC.
955 West Prarie Drive
Syacmore, IL 60178

HOME DEPOT USA, INC.
Corporation Service Company
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

INDEX NO. *1089/87*

RICKY MONTES and ANNIE MONTES,
                    Plaintiffs,

**COMPLAINT**

-against-

US PRAXIS, INC. and HOME DEPOT USA, INC.,
                    Defendants.

Plaintiffs, by their attorneys, SCARCELLA LAW OFFICES, as and for

their Complaint, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, RICKY MONTES, at all times herein mentioned was and

still is a resident of the County of Putnam and the State of New York.

2. The defendant US PRAXIS, INC., at all times herein mentioned, was and

still is a corporation organized and existing under the laws of the State of IL, with

its principal place of business situated in the County of DeKalb and the State of

New York.

3. The defendant US PRAXIS, INC., at all times herein mentioned was and

still is a foreign corporation duly licensed and authorized to do business in the

State of New York.

4. The defendant, US PRAXIS, INC., at all times herein mentioned

conducted and carried on business in the County of DeKalb and the State of IL.

5. The defendant, US PRAXIS, INC., at all times herein mentioned was and

still is a partnership doing business in the County of DeKalb and the State of New

York.

06/15/2007  09:21   8475315416        AUTO OWNERS INS              PAGE 05/12
06/12/2007 15:59 FAX                                              005/011
06/12/2007 14:55 FAX 8157873819        US PRAXIS, INC.

Case 7:07-cv-11439-SCR    Document 1    Filed 12/20/2007    Page 8 of 32

6. The defendant, US PRAXIS, INC., at all times herein mentioned was and still is a limited liability partnership doing business in the County of DeKalb and the State of New York.

7. The defendant, US PRAXIS, INC., at all times herein mentioned was and still is a limited liability corporation doing business in the County of DeKalb and the State of New York.

8. The defendant, US PRAXIS, INC., at all times herein mentioned was and still is a sole proprietorship doing business in the County of DeKalb and the State of New York.

9. At all times herein mentioned, defendant US PRAXIS, INC. transacted business within the State of New York.

10. At all times herein mentioned, defendant US PRAXIS, INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant US PRAXIS, INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant US PRAXIS, INC. derived substantial revenue from interstate or international commerce.

13. The defendant HOME DEPOT USA, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County

of Albany and the State of New York.

14. The defendant HOME DEPOT USA, INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

15. The defendant, HOME DEPOT USA, INC., at all times herein mentioned conducted and carried on business in the County of Putnam and the State of New York.

16. The defendant, HOME DEPOT USA, INC., at all times herein mentioned was and still is a partnership doing business in the County of Putnam and the State of New York.

17. The defendant, HOME DEPOT USA, INC., at all times herein mentioned was and still is a limited liability company / partnership doing business in the County of Putnam and the State of New York.

18. The defendant, HOME DEPOT USA, INC., at all times herein mentioned was and still is a limited liability company / corporation doing business in the County of Putnam and the State of New York.

19. At all times herein mentioned, defendant HOME DEPOT USA, INC. transacted business within the State of New York.

20. At all times herein mentioned, defendant HOME DEPOT USA, INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

21. At all times herein mentioned, defendant HOME DEPOT USA, INC.

expected or should reasonably have expected its acts to have consequences in the State of New York.

22. At all times herein mentioned, defendant HOME DEPOT USA, INC. derived substantial revenue from interstate or international commerce.

23. At all times herein mentioned, the defendant US PRAXIS, INC. was engaged in the business of designing and manufacturing stump grinding machines.

24. At all times herein mentioned, the defendant HOME DEPOT USA, INC. was engaged in the business of leasing stump grinding machines, supplied by defendant US PRAXIS, INC.

25. On June 14, 2007, Ricky Montes leased from defendant HOME DEPOT USA, INC., certain stump grinding machine, which was designed and manufactured by defendant US PRAXIS, INC.

26. That said stump grinding machine was not manufactured as intended.

27. That the entire product line of which said stump grinding machine was a part was unreasonably dangerous.

28. That said stump grinding machine was defective in that proper and complete warnings and instructions were not supplied.

29. That said stump grinding machine was defective in that the supplied warnings and instructions were deficient.

30. That said stump grinding machine was defective when it left the custody and control of defendants.

31. Upon the distribution, sale and/or lease of the aforesaid merchandise,

defendants warranted to all intended users, including plaintiff, that said

merchandise and all its component parts were of merchantable quality and fit for

the purposes for which they were designed, manufactured, assembled, inspected,

sold and/or leased, and intended.

32. The plaintiff used within the State of New York said product, designed,

manufactured, sold and/or leased, and distributed by defendants in accordance

with the instructions and warnings.

33. The aforesaid product was inherently defective in both design and

manufacture, and unsafe, inadequate and unfit for the purposes for which

designed, manufactured, sold and distributed by defendants. The defendants by

their agents, servants and/or employees were careless and negligent in the

manufacture of said product and failed to use due care in the design, construction

and testing thereof. The limitations and dangers inherent in the use of said product

were not open and obvious, and could not be ascertained or known to plaintiff,

either by visual inspection or by the execution of preliminary testing.

34. That defendants warranted that if the directions and warnings supplied

were followed and observed, operation of said stump grinding machine would be

safe for the user and not result in injury.

35. The warranties of the defendants were untrue.

36. As a result of the improper manufacture by defendant US PRAXIS,

INC., the failure to properly warn, instruct and advise,  and the breach of the

warranties of merchantability and fitness for use by both defendants, the plaintiff

was injured within the State of New York and caused to sustain serious personal injuries, including but not limited to 2nd and 3rd degree burns on his right forearm from contact with the exhaust system of said stump grinding machine, through no fault of plaintiff's.

37. By reason of the foregoing, the plaintiff was rendered sick, sore, nervous and disabled.

38. Due to defendants' breach of warranty, plaintiff RICKY MONTES is entitled to damages.

## AS AND FOR A SECOND CAUSE OF ACTION

39. Plaintiff RICKY MONTES repeats and realleges each and every allegation contained in paragraphs numbered "1" through "38" of the Complaint as if fully set forth at length herein.

40. As a result of the negligence of the defendants, RICKY MONTES was rendered sick, sore, nervous and disabled.

41. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

42. Due to defendants' negligence, plaintiff RICKY MONTES is entitled to damages.

## AS AND FOR A THIRD CAUSE OF ACTION

43. Plaintiff RICKY MONTES repeats and realleges each and every allegation contained in paragraphs numbered "1" through "42" of the Complaint as if fully set forth at length herein.

44. That due to the foregoing, the aforesaid stump grinding machine was unreasonably dangerous, and that therefore defendants are strictly liable.

45. Due to defendants' liability, plaintiff RICKY MONTES is entitled to damages.

### AS AND FOR A FOURTH CAUSE OF ACTION

46. Plaintiff Annie Montes repeats and realleges each and every allegation contained in paragraphs numbered "1" through "45" of the Complaint as if fully set forth at length herein.

47. At all times herein mentioned, plaintiff Annie Montes was the lawfully wedded spouse of plaintiff RICKY MONTES, and as such, was entitled to the services, earnings, consortium and society of RICKY MONTES.

48. As a result of this accident, this plaintiff lost the said services, earnings, consortium and society of RICKY MONTES, and was caused to expend monies in the care and treatment of the injuries so sustained by RICKY MONTES.

06/15/2007  09:21  8475315416                    AUTO OWNERS INS                    PAGE  11/12

06/12/2007 16:56 FAX 1450      Case 7:07-cv-11438-SCR     Document 1     Filed 12/20/2007     Page 14 of 32  011/011
06/12/2007 14:57 FAX 8157873          US PRAXIS,INC.                                                        010/010

49. Due to defendants' tortious and/or wrongful conduct as herein alleged,

plaintiff Annie Montes is entitled to damages.

**WHEREFORE**, the plaintiffs demand:

a. judgment awarding damages on the first cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

b. judgment awarding damages on the second cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

c. judgment awarding damages on the third cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

d. judgment awarding damages on the fourth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

e. interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.


Dated:        White Plains, New York
              May 22, 2007

                         By: M. SEAN DUFFY
                         SCARCELLA LAW OFFICES
                         Attorneys for Plaintiffs
                         44 Church Street, Suite 150
                         White Plains, New York  10601
                         (914) 682-1400

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

==============================X

RICKY MONTES and ANNIE MONTES,                    Index No.: 1089/07

                              Plaintiffs,

            -against-                             **VERIFIED ANSWER**

US PRAXIS, INC. and HOME DEPOT USA, INC.,

                              Defendants.

==============================X

       Defendant, US PRAXIS, INC., by its attorneys, KRAL, CLERKIN, REDMOND,

RYAN, PERRY & GIRVAN, answering the Complaint of the plaintiff, sets forth upon

information and belief the following:

### ANSWERING A FIRST CAUSE OF ACTION

       FIRST:  Defendant denies having knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraphs "1", "13", "14",

"15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25" and "32" of the Complaint.

       SECOND:  Defendant denies each and every allegation contained in

paragraphs "5", "6", "7", "8", "26", "27", "28", "29", "33", "34", "35", "36", "37" and "38"

of the Complaint.

       THIRD:  Defendant denies having knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph "30" of the

Complaint except denies that the stump grinding machine was defective when it left the

custody and control of defendant US PRAXIS, INC.

FOURTH: Defendant denies each and every allegation contained in paragraph "31" of the Complaint in the form alleged and respectfully refers all questions of law to the determination of the court.

## ANSWERING A SECOND CAUSE OF ACTION

FIFTH: Answering paragraph "39" of the Complaint, defendant repeats, reiterates and reaffirms each and every admission and denial to the allegations contained in paragraphs "1" through "38" inclusive with the same force and effect as if fully set forth herein.

SIXTH: Defendant denies each and every allegation contained in paragraphs "40", "41" and "42" of the Complaint.

## ANSWERING A THIRD CAUSE OF ACTION

SEVENTH: Answering paragraph "43" of the Complaint, defendant repeats, reiterates and reaffirms each and every admission and denial to the allegations contained in paragraphs "1" through "42" inclusive with the same force and effect as if fully set forth herein.

EIGHTH: Defendant denies each and every allegation contained in paragraphs "44" and "45" of the Complaint.

## ANSWERING A FOURTH CAUSE OF ACTION

NINTH: Answering paragraph "46" of the Complaint, defendant repeats, reiterates and reaffirms each and every admission and denial to the allegations contained in paragraphs "1" through "45" inclusive with the same force and effect as if fully set forth herein.

TENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint.

ELEVENTH:  Defendant denies each and every allegation contained in paragraphs "48" and "49" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWELFTH:  Upon information and belief, the injuries sustained by plaintiff and any alleged damages were caused in whole or in part, or were contributed to by reason of the negligence, want of care, carelessness, assumption or risk, or other culpable conduct on the part of the plaintiff and by reason of the foregoing, the damages allegedly attributable or otherwise recoverable herein should be reduced proportionately.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTEENTH:  That the plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit.  Therefore, the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FOURTEENTH:  This answering defendant's equitable share of the total liability assigned to all persons liable, if any, if fifty percent (50%) or less.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FIFTEENTH:  That this action was not commenced within the applicable time limits, and therefore, the Statute of Limitations constitutes a complete defense to the plaintiff's action.

### AS AND FOR A CROSS-CLAIM AGAINST HOME DEPOT USA, INC.

SIXTEENTH: That if the plaintiff was caused to sustain damages as alleged in the Verified Complaint, then such damages were caused solely and wholly as a result of the negligence of defendant, HOME DEPOT USA, INC., all without any negligence on the part of the defendant, US PRAXIS, INC.

SEVENTEENTH:  That if the plaintiff should recover judgment against US PRAXIS, INC. by reason of the allegations set forth in the Verified Complaint, then it  will have been damaged as a result of the negligence of defendant, HOME DEPOT USA, INC., and as such, will be liable to defendant, US PRAXIS, INC., in contribution in whole or in part for the amount of any judgment on the basis of the respective responsibility or fault as determined by the Court and/or jury at the time of trial of this action.

WHEREFORE, the answering defendant, US PRAXIS, INC., demands judgment dismissing plaintiff's Verified Complaint as to the answering defendant with costs, and further demands that the ultimate rights of the answering defendant and the defendant, HOME DEPOT USA, INC., as between themselves be determined in this action, and that the answering defendant has judgment over and against the defendant, HOME DEPOT USA, INC., for all or a part of any verdict or judgment which may be obtained

herein by the plaintiff against the answering defendant, together with costs and disbursements of this action.

WHEREFORE, the answering defendant, US PRAXIS, INC. demands judgment dismissing plaintiffs' Complaint as to the answering defendant with costs, and further demands that the ultimate rights of the answering defendant and the defendant, HOME DEPOT USA, INC., as between themselves be determined in this action, and that the answering defendant has judgment over and against the defendant US PRAXIS INC. for all or a part of any verdict or judgment which may be obtained herein by the plaintiff against the answering defendant, together with costs and disbursements of this action.

Dated:  Mineola, New York
        June 20, 2007

                             Yours, etc.,

                             KRAL, CLERKIN, REDMOND, RYAN,
                                    PERRY & GIRVAN, LLP
                             Attorneys for Defendant
                             US PRAXIS, INC.
                             Office & P.O. Address
                             69 East Jericho Turnpike
                             Mineola, New York 11501
                             516-742-3470

                             BY: _____
                                 HENRY M. PRIMAVERA

TO:  SCARCELLA LAW OFFICES
      Attorneys for Plaintiffs
      M. Sean Duffy, Esq.
      44 Church Street, Suite 150
      White Plains, New York 10601

      HOME DEPOT USA, INC.
      2455 Paces Ferry Road
      Atlanta, Georgia 30339-4024

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK)
                ss:
COUNTY OF NASSAU )

      I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York, state:

      That I am a member of the firm of KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP, the attorneys of record for the defendant US PRAXIS, INC. in the within action;

      I have read the foregoing Answer and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the defendant is that the answering defendant maintains its principal place of business outside Nassau County.

      The grounds of my belief as to all matters not stated upon my own knowledge are information, correspondence, conversations and a general investigation of the facts.

Dated:  Mineola, New York
         June 20, 2007

                             _____
                              HENRY M. PRIMAVERA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
------------------------------------------------------X

RICKY MONTES and ANNIE MONTES,

                    Plaintiffs,

       -against-

US PRAXIS, INC. and HOME DEPOT USA, INC.,

                  Defendants.

------------------------------------------------------X

Index #1089/07

**CPLR Section 3017(c)
REQUEST FOR A
SUPPLEMENTAL DEMAND**

COUNSELORS:

        PLEASE TAKE NOTICE, that pursuant to CPLR Section 3017(c) defendant, US PRAXIS, INC., hereby demand that within fifteen (15) days plaintiffs, RICKY MONTES AND ANNIE MONTES, provide a Supplemental Demand setting forth the total damages to which plaintiffs deems themselves entitled.

        PLEASE TAKE FURTHER NOTICE, that in the event the Supplemental Demand is not served within fifteen (15) days of this request, defendant shall move for an Order requiring plaintiffs' compliance.

Dated:  Mineola, New York
       June 20, 2007

Yours, etc.,

KRAL, CLERKIN, REDMOND, RYAN,
      PERRY & GIRVAN, LLP
Attorneys for Defendant
US PRAXIS, INC.
Office & P.O. Address
69 East Jericho Turnpike
Mineola, New York 11501
(516) 742-3470

BY: _____
     HENRY M. PRIMAVERA

TO:  SCARCELLA LAW OFFICES
     Attorneys for Plaintiffs
     M. Sean Duffy, Esq.
     44 Church Street, Suite 150
     White Plains, New York 10601

     HOME DEPOT USA, INC.
     2455 Paces Ferry Road
     Atlanta, Georgia 30339-4024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-------------------------------------------------------X
RICKY MONTES AND ANNIE MONTES,

                      Plaintiffs,        Index #1089/07

        -against-                    **Affidavit of Service**

US PRAXIS, INC. AND HOME DEPOT USA, INC.,
                             Defendants.
-------------------------------------------------------X

STATE OF NEW YORK )
             ) ss.:
COUNTY OF NASSAU )

           LORETTA GRECO, being duly sworn, deposes and says: That your deponent is not a party to the action and is over the age of 18 years old and on June 20, 2007 served the within **VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, COMBINED DEMAND, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION AND SUPPLEMENTAL DEMAND** upon the attorneys for the respective parties to this action as follows:

TO:   SCARCELLA LAW OFFICES
       Attorneys for Plaintiffs
       M. Sean Duffy, Esq.
       44 Church Street, Suite 150
       White Plains, New York 10601

       HOME DEPOT USA, INC.
       2455 Paces Ferry Road
       Atlanta, Georgia 30339-4024

the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                            LORETTA GRECO

Sworn to before me this
June 20, 2007

_____
   NOTARY PUBLIC

                           HENRY M. PRIMAVERA
                   Notary Public, State of New York
                      No. 02PR6145492
                   Qualified in Nassau County
              Commission Expires May 8, 20____

RICKY MONTES and ANNIE MONTES,

                              Plaintiffs,

              -against-

US PRAXIS, INC. and HOME DEPOT USA, INC.,

                              Defendants.

---

## VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, COMBINED DEMAND, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION AND SUPPLEMENTAL DEMAND

### KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN, LLP

*Attorneys for*    US PRAXIS, INC.

69 EAST JERICHO TURNPIKE
MINEOLA, NEW YORK 11501
(516) 742-3470

**§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted**

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* JUNE 20, 2007 ...................    Signature.................. HENRY M. PRIMAVERA ...........

                                            Print Signer's Name.....................

---

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

                                            ...........................................
                                            *Attorney(s) for*

---

## PLEASE TAKE NOTICE

Check Applicable Box

☐ NOTICE OF ENTRY    *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                    20

☐ NOTICE OF SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                    *one of the judges of the within named Court,*
*at*
*on*                    20        *, at*                    *M.*

*Dated:*

                              **KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN, LLP**

              *Attorneys for*

                              69 EAST JERICHO TURNPIKE
                              MINEOLA, NEW YORK 11501

*To:*

*Attorney(s) for*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

_____

|  | INDEX NO. 1089/07 |
|---|---|
| RICKY MONTES and ANNIE MONTES, | |
| Plaintiffs, | **RESPONSE TO** |
| -against- | **REQUEST FOR** |
| | **SUPPLEMENTAL** |
| US PRAXIS, INC. and HOME DEPOT USA, INC., | **DEMAND FOR** |
| Defendants. | **RELIEF** |

_____

Plaintiffs, by their attorneys, SCARCELLA LAW OFFICES, as and for her Response to Defendant's Request for Supplemental Demand for Relief, respectfully alleges, upon information and belief:

**WHEREFORE**, the plaintiffs demand:

a. judgment awarding damages on the first cause of action, in the amount of $5,000,000;

b. judgment awarding damages on the second cause of action, in the amount of $5,000,000;

c. judgment awarding damages on the third cause of action, in the amount of $5,000,000;

d. judgment awarding damages on the fourth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

e. interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

Dated: White Plains, New York
        December 13, 2007

By: M. SEAN DUFFY, ESQ.
SCARCELLA LAW OFFICES
Attorneys for Plaintiffs
44 Church Street, Suite 150
White Plains, New York  10601
(914) 682-1400

KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP
Attorneys for Defendant US PRAXIS, INC.
69 East Jericho Turnpike
Mineola, New York  11501

D'AMATO & LYNCH
Attorneys for Defendant HOME DEPOT U.S.A., INC
70 Pine Street
New York, New York  10270

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

_____

INDEX NO. 1089/07

RICKY MONTES and ANNIE MONTES,
                Plaintiffs,

       -against-

US PRAXIS, INC. and HOME DEPOT USA, INC.,
                Defendants.

**AFFIDAVIT OF
MAIL SERVICE**

_____

STATE OF NEW YORK
COUNTY OF WESTCHESTER

      Fritz-Martez Kennedy, being duly sworn, says:

      I am not a party to the action; I reside at Bronx, New York, and I am over 18 years of age.

      On December 13, 2007, I served the within **RESPONSE TO REQUEST FOR SUPPLEMENTAL DEMAND FOR RELIEF** by depositing true copies thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following at the last known address set forth below:

KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP
69 East Jericho Turnpike
Mineola, New York 11501

D'AMATO & LYNCH
70 Pine Street
New York, New York 10270

                                        FRITZ-MARTEZ KENNEDY

Sworn to before me
on December 13, 2007

NOTARY PUBLIC

M SEAN DUFFY
Notary Public, State Of New York
No. 02DU5059605
Qualified In Westchester County
Commission Expires April 29, 20____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

Index No. 1089/07

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY MONTES and ANNIE MONTES,
Plaintiffs,


-against-


US PRAXIS, INC. and HOME DEPOT USA, INC.,
Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## RESPONSE TO REQUEST FOR
## SUPPLEMENTAL DEMAND FOR RELIEF

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### SCARCELLA LAW OFFICES
Attorneys for Plaintiffs
44 Church Street, Suite 150
White Plains, New York 10601
(914) 682-1400

DEC 1 8 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICKY MONTES and ANNIE MONTES,
                        Plaintiffs,

        -against-                                          AFFIDAVIT OF
                                                          SERVICE

US PRAXIS, INC. and HOME DEPOT USA, INC.,
                        Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU  )

        LORETTA GRECO, being duly sworn, deposes and says:
        That your deponent is not a party to the action and is over the age of 18 years
and on December 20, 2007 deponent served the within NOTICE OF REMOVAL upon the
attorneys for the respective parties to this action as follows:

        SCARCELLA LAW OFFICES
        Attorneys for Plaintiffs
        M. Sean Duffy, Esq.
        44 Church Street, Suite 150
        White Plains, New York 10601
        (914) 682-1400

        D'AMATO & LYNCH, ESQS.
        Attorneys for Defendant
        HOME DEPOT USA, INC.
        70 Pine Street
        New York, New York 10270
        (212) 269-0927

addresses designated by said attorneys for that purpose by depositing a true copy of same
enclosed in a post-paid properly addressed wrapper in an official depository under the
exclusive care and custody of the United States Postal Service within the State of New
York.

                                                  _____
                                                          LORETTA GRECO

Sworn to before me this
December 20, 2007.

_____
NOTARY PUBLIC

JOYCE KEDZIERSKI
Notary Public, State of New York
No. 01KE6069771
Qualified in Nassau County
Commission Expires October 6, 20___